[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION (#139.00)
This case comes to this court as a Verified Motion for Order Re: breach of the settlement agreement and court order. The parties entered into a settlement agreement concerning their disputes on August 16, 2001. The case was ready for a hearing but the parties negotiated extensively and came up with an agreement. This court accepted the agreement and made it an order of the court. The agreement is hand written, since this court required that the parties permanently codify their settlement agreement in writing on that date. The defendant, Michael Oz, was canvassed on August 16, 2001, as were the representatives of the other parties. He was representing himself, having chosen not to have an attorney. He confirmed that his act was voluntary, and that he understood the agreement and other representations, all of which appear of record.
The court finds that Paragraph #3 of the Court's Order provided that Mr. Oz would make a lump sum payment in the amount of $15,000.00 within fourteen days of the plaintiff signing the confidential settlement release waiver and nondisclosure agreement. The court finds that the plaintiff signed the confidentiality agreement on August 17, 2001 and that although demand was made, he has not paid the $15,000.00. CT Page 15788
Paragraph #4 provided that he would deliver 12 checks made out to Cummings and Lockwood as attorneys for the plaintiff in the amount of $1,145.84 each at the time he delivered the $15,000.00. He did not deliver those checks.
The court finds that those monies are due in their entirety based on the order of the court.
Paragraph #2 addressed additional sums. Since the agreement used the word "penalty," the court, in enforcing the order, is entitled to review the performance of the agreement in its entirety. The court finds that a reasonable liquidated sum for the defaults provided by the defendant is the sum of $10,000.00. This represents appropriate damages for the loss of the use of the money as well as additional attorney's fees, and it takes into consideration the amounts set forth in the agreement.
The court, in entering this order, has taken into consideration the Plaintiff's Exhibit #1, 2 and 3, and the Defendants' Exhibit A, B, C, D, E, F, G, H and I.
Accordingly, the court finds Mr. Oz in breach of the settlement agreement and the court order that was entered on August 16, 2001. The court orders that the $40,000 escrow, which was established by the parties during the pendency of the above captioned action and which is presently being held by Attorney Peter Gelderman, be liquidated and released to the plaintiff Diane Pascarelli as follows:
1. The amount of $15,000.00 being the lump sum payment.
2. The amount of the total of the 12 checks $13,750.00.
3. The amount of $10,000.00 as the court has addressed above.
This is the total amount of $38,750.00. The remaining amount of $1,250.00 shall be returned to Mr. Oz.